**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X
WAI YEE CHU, *on behalf of herself and others similarly*
*situated,*

                                     **Plaintiff,**       Case No:

               v.                          **COLLECTIVE ACTION**
                                                **COMPLAINT**
A A TOURIST INC., and Jamie Chung,

                                    **Defendants.**
--------------------------------------------------------------X

       Plaintiff, WAI YEE CHU, by and through her attorneys, HANG & ASSOCIATES, PLLC, as and for cause of action against the Defendants A A TOURIST INC., and Jamie Chung, alleges upon information and belief as follows:

## INTRODUCTION

       1.     This action is brought by Plaintiff, on behalf of herself as well as other employees similarly situated, against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. §§ 201 *et seq.*, and of New York Labor Law §§190 et seq. ("NYLL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

       2.     Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, compensation for all hours worked, minimum wage, and overtime compensation for all hours worked over forty (40) each workweek, as well as failing to provide their employees, including Plaintiff, with wage notice at the time of hiring and wage statements.

3.     Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs;

4.     Plaintiffs further allege pursuant to NYLL §190 et seq. and Title 12 of New York Codes, Rules and Regulations Part 146 ("NYCRR") that they are entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime compensation, (3) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL, (4) liquidated damages equal to the sum of unpaid minimum wage and unpaid overtime pursuant to the NY Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorney's fees and costs.

## JURISDICTION AND VENUE

5.     This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367(a).

6.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7.     Plaintiff Wai Yee Chu ("Plaintiff") is an individual residing in New York, New York.

8.     From on or around January 2, 2017 to on or around December 31, 2018, Plaintiff was employed as an office clerk at Defendants' tourism company located at 149 Hester St., Suite 300, New York, NY 10002.

## DEFENDANTS

### Corporate Defendant

9.      Upon information and belief, A A TOURIST INC. ("Corporate Defendant" or "Defendant Corporation") is a domestic business corporation organized under the laws of the State of New York with a principal business address at 149 Hester St., Suite 300, New York, NY 10002.

10.     Upon information and belief, Corporate Defendant has about five (5) employees.

11.     Upon information and belief, Corporate Defendant at all relevant times is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

12.      Upon information and belief, Corporate Defendant purchased and handled goods moved in interstate commerce.

13.     At all times relevant times, Corporate Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

### Owner/ Operator Defendant Jamie Chung

14.     Upon information and belief, Defendant Jamie Chung is the owner, chief executive officer, and/or managing agent of Corporate Defendant and  participated  in  the  day-to-day operations of Corporate Defendant and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2; NYLL §2 and the regulations thereunder; and is jointly and severally liable with Corporate Defendant.

15.     Upon information and belief, Defendant Jamie Chung owns the stock of Corporate Defendant and manages and makes all business decisions regarding Defendant Corporation.

16.     Upon information and belief, Defendant Jamie Chung determined the wages and compensation of the employees of Defendants, including Plaintiff, and established work schedules and work load of the employees, maintained employee records, and had the authority to hire and fire employees.

17.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

18.     Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at their restaurant locations for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") (the "Collective Action Members"). Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than ten (10) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

19.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

20.     This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

21.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

22.     Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiffs and other Collective Action Members are:

a.  Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b.  Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

c.  Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

23.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

24.     Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF FACTS

25.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

26.     Defendants knew that the nonpayment of minimum wage, overtime pay, failure to provide the required wage notice at the time of hiring, that the failure to provide the required wage statement with every payment of wages, would financially injure Plaintiff and similarly situated employees and violate state and federal laws.


***Plaintiff Wai Yee Chu***

27. From on or around January 2, 2017 to on or around December 31, 2018, Plaintiff was employed as an office clerk at Defendants' tourism company located at 149 Hester St., Suite 300, New York, NY 10002.

28. Plaintiff was not provided a written wage notice, in English and in Chinese (the primary language identified by Plaintiff) when she was hired, including but not limited to information about her rate of pay and basis thereof, allowances, including tip and meals credits, claimed by Defendants, and the regular pay day designated by Defendants.

29. Throughout her employment with Defendants, Plaintiff worked six days per week with Monday off. On each of her workdays, Plaintiff worked from around 10:00 am to 6:00 pm,

with a 30-minute lunch break. As a result, Plaintiff worked forty-five (45) hours per week for this stated employment period.

30. Throughout her employment period, Plaintiff was paid at a fixed rate of $500 per month regardless the number of hours she actually worked.

31. Throughout her employment period, Plaintiff was paid monthly by check.

32. Upon information and belief, ever since January 2018, Defendants started to regularly fail to pay Plaintiff's wage. As of February 26, 2019, Defendant still owes Plaintiff $5000.00 for unpaid wages in the year of 2018.

33. Throughout her employment with Defendants, Plaintiff was not compensated minimum wage, and was not compensated for all hours worked above forty (40) in each workweek according to state and federal laws.

34. Throughout her employment with Defendants, Plaintiff was not overtime-exempt under federal and state laws.

35. Defendants did not provide Plaintiff with a correct wage statement with every wage payment.


**STATEMENT OF CLAIMS**

**COUNT I**

**[Violations of the Fair Labor Standards Act—Minimum Wage**

**Brought on behalf of Plaintiff and the FLSA Collective]**


36. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

37. At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for

"commerce," within the meaning of the FLSA, 29 U.S.C. §206(a) and §207(a). Further, Plaintiff Yang is covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

38. At all relevant times, Defendants employed "employees" including Plaintiff, within the meaning of FLSA.

39. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

40. The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

41. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the collective action members, for some or all of the hours they worked.

42. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

43. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

**COUNT II**

**[Violation of New York Labor Law—Minimum Wage**

**Brought on behalf of Plaintiff]**

44. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

45. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

46. Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

47. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay her minimum wages in the lawful amount for hours worked.

## COUNT III

### [Violations of the Fair Labor Standards Act—Overtime Wage
### Brought on behalf of the Plaintiff and the FLSA Collective]

48. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

49. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

50. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages.  29 U.S.C. §216(b).

51. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime premiums violated the FLSA.

52. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

53. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

54. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and FLSA Collectives' labor.

55. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

**COUNT IV**

**[Violation of New York Labor Law—Overtime Pay**

**Brought on behalf of Plaintiff]**

56. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

57. Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

58. Defendants' failure to pay Plaintiff her overtime premiums violated the NYLL.

59. Defendants' failure to pay Plaintiff was not in good faith.

**COUNT V**

**[Violation of New York Labor Law—Time of Hire Wage Notice Requirement**

**Brought on Behalf of Plaintiff]**

60. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

61. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

62. Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

63. Defendants not only did not provide notice to each employee at Time of Hire but also failed to provide notice to Plaintiff thereafter.

64. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VI

### [Violation of New York Labor Law—New York Pay Stub Requirement
### Brought on Behalf of Plaintiff]

65. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

66. The NYLL and supporting regulations require employers to provide detailed  paystub information to employees every payday. NYLL §195-1(d).

67. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of Plaintiff and did not provide the paystub on or after each Plaintiff's payday.

68. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

## PRAYER FOR RELIEF

69. WHEREFORE, Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment providing the following relief:

70. Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

71. Certification of this case as a collective action pursuant to FLSA;

72. Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action Members;

73. A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

74. An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

75. Award Plaintiff unpaid minimum wages and unpaid overtime due under the FLSA and the New York Labor Law;

76. An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL;

77. The cost and disbursements of this action;

78. An award of prejudgment and post-judgment fees; and

79. Such other and further legal and equitable relief as this Court deems necessary, just, and

proper.

DATED:          March 13, 2019
               Flushing, New York

                                        /s/ *Xiaoxi Liu*

                                        _____
                                        XIAOXI LIU, ESQ.
                                        Attorney(s) for Plaintiff
                                        Hang & Associates, PLLC
                                        136-20 38th Avenue
                                        Suite 10G
                                        Flushing, NY 11354
                                        Telephone No.: (718) 353-8588
                                        Fax No.: (718) 353-6288

# EXHIBIT A

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by A A TOURIST INC., Jamie Chung, and and/or related entities and individuals.

I consent to be a plaintiff in an action to collect unpaid wages.  I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

_Wai yeechu_

Full Legal Name (Print)

_____

Signature

_2 / 26 / 20 / 9_

Date