**Vincent S. Wong, Esq. (VW9016)**
**Law Offices of Vincent S. Wong**
39 East Broadway, Suite 306
New York, NY 10002
T: (212) 349-6099
F: (212) 349-6599
*Attorneys for the Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

WAI YEE CHU, on behalf of himself
and others similarly situated,

        Plaintiffs,

-against-


A A TOURIST INC., and Jamie Chung,

        Defendants.
-------------------------------------------------------------------x

Docket No: 19-cv-02323

**ANSWER**
**TO  COMPLAINT WITH**
**COUNTERCLAIMS**
**AND THIRD PARTY**
**COMPLAINT**

**JURY DEMANDED**

   Defendant, A A TOURIST INC., and Jamie Chung (hereafter "Defendants"), by and through their attorneys, THE LAW OFFICES OF VINCENT S. WONG, answering the allegations of the Plaintiffs as follows:

   **1.**  Denies the allegations in paragraph 1.

   **2.**  Denies the allegations in paragraph 2.

   **3.**  Denies the allegations in paragraph 3.

   **4.**  Denies the allegations in paragraph 4.

## JURISDICTION AND VENUE

   **5.**  Denies the allegations set forth in paragraph 5 of the Complaint, except admits that Plaintiff purports to set forth the basis for the Court's jurisdiction.

1

**6.**     Denies the allegations set forth in paragraph 6 of the Complaint, except admits that Plaintiff purports to set forth the basis for the Court's venue

### PLAINTIFF

**7.**     Lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7.

**8.**     Denies the allegations in paragraph 8

### DEFENDANTS

**9.**     Denies the allegations in paragraph 9 except that Defendants are located in New York.

**10.**     Denies the allegations in paragraph 10.

**11.**     Denies the allegations in paragraph 11.

**12.**     Denies the allegations in paragraph 12

**13.**     Denies the allegations in paragraph 13.

**14.**     Denies the allegations in paragraph 14.

**15.**     Denies the allegations in paragraph 15.

**16.**     Denies the allegations in paragraph 16.

**17.**     Denies the allegations in paragraph 17.

### FLSA COLLECTIVE ACTION ALLEGATIONS

**18.**     Denies the allegations in paragraph 18.

**19.**     Denies the allegations in paragraph 19.

**20.**     Denies the allegations in paragraph 20.

**21.**     Denies the allegations in paragraph 21.

**22.**     Denies the allegations in paragraph 22.

**23.**   Denies the allegations in paragraph 23.

**24.**   Denies the allegations in paragraph 24.

## STATEMENT OF FACT

**25.**   Denies the allegations in paragraph 25.

**26.**   Denies the allegations in paragraph 26.

**27.**   Denies the allegations in paragraph 27.

**28.**   Denies the allegations in paragraph 28.

**29.**   Denies the allegations in paragraph 29.

**30.**   Denies the allegations in paragraph 30.

**31.**   Denies the allegations in paragraph 31.

**32.**   Denies the allegations in paragraph 32.

**33.**   Denies the allegations in paragraph 33.

**34.**   Denies the allegations in paragraph 34.

**35.**   Denies the allegations in paragraph 35.

## STATEMENT OF CLAIM

### COUNT I

**36.**   Defendants repeat and reallege all previous paragraphs as if fully set forth here.

**37.**   Denies the allegations in paragraph 37.

**38.**   Denies the allegations in paragraph 38.

**39.**   Denies the allegations in paragraph 39.

**40.**   Denies the allegations in paragraph 40.

**41.**   Denies the allegations in paragraph 41.

**42.**     Denies the allegations in paragraph 42.

**43.**     Denies the allegations in paragraph 43.

COUNT II

**44.**     Defendants repeat and reallege all previous paragraphs as if fully set forth here.

**45.**     Denies the allegations in paragraph 45.

**46.**     Denies the allegations in paragraph 46.

**47.**     Denies the allegations in paragraph 47.

COUNT III

**48.**     Defendants repeat and reallege all previous paragraphs as if fully set forth here.

**49.**     Denies the allegations in paragraph 49.

**50.**     Denies the allegations in paragraph 50.

**51.**     Denies the allegations in paragraph 51.

**52.**     Denies the allegations in paragraph 52.

**53.**     Denies the allegations in paragraph 53.

**54.**     Denies the allegations in paragraph 54.

**55.**     Denies the allegations in paragraph 55.

COUNT IV

**56.**     Defendants repeat and reallege all previous paragraphs as if fully set forth here.

**57.**     Denies the allegations in paragraph 57.

**58.**     Denies the allegations in paragraph 58.

**59.**     Denies the allegations in paragraph 59.

<u>COUNT V</u>

**60.**     Defendants repeat and reallege all previous paragraphs as if fully set forth here.

**61.**     Denies the allegations in paragraph 61.

**62.**     Denies the allegations in paragraph 62.

**63.**     Denies the allegations in paragraph 63.

**64.**     Denies the allegations in paragraph 64.

<u>COUNT VI</u>

**65.**     Defendants repeat and reallege all previous paragraphs as if fully set forth here.

**66.**     Denies the allegations in paragraph 66.

**67.**     Denies the allegations in paragraph 67.

**68.**     Denies the allegations in paragraph 68.

**<u>AS TO PLAINTIFFS' PRAYER FOR RELIEF</u>**

**69.**     Defendants deny that Plaintiffs are entitled to any relief requested in the Complaint or any other relief.

**<u>GENERAL DENIAL</u>**

**70.**     Defendants deny each and every allegation in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

71.     Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have:

### AS TO AND FOR A FIRST AFFIRMATIVE DEFENSE

### FAILURE TO STATE A CLAIM

72.     Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

73.     Plaintiffs' first Cause of Action fails to state a claim upon which relief may be granted.

74.     Plaintiffs' second Cause of Action fails to state a claim upon which relief may be granted.

75.     Plaintiffs' third Cause of Action fails to state a claim upon which relief may be granted.

76.     Plaintiffs' fourth Cause of Action fails to state a claim upon which relief may be granted.

77.     Plaintiffs' fifth Cause of Action fails to state a claim upon which relief may be granted.

78.     Plaintiffs' sixth Cause of Action fails to state a claim upon which relief may be granted.

79.     The complaint fails to state a claim upon which prejudgment interest may be granted.

**AS TO AND FOR A SECOND AFFIRMATIVE DEFENSE**

**NO EMPLOYMENT RELATIONSHIP**

80.    At all times during the relevant time period, the Plaintiff never worked for or was employed by Defendants.

81.    Defendants had no control or authority over Plaintiffs.

82.    Under the factors outlined in the Economic Realities Test employed by the Court to determine whether an employment relationship exists, it is apparent that there was no employment relationship between the Plaintiffs and Defendants.

83.    The provisions of the Fair Labor Standards Act and New York Labor Law only apply to an "employer" and an "employee."

84.    Accordingly, in the absence of an employment relationship, Plaintiffs' causes of actions cannot be maintained.

**AS TO AND FOR A THIRD AFFIRMATIVE DEFENSE**

85.    If Plaintiff is found to have worked for Defendants, and Defendants are found to have failed to pay Plaintiffs any amount due, which Defendants deny, Defendants are entitled under the equitable doctrines of setoff and recoupment to offset overpayments to Plaintiffs.

**AS TO AND FOR A FOURTH AFFIRMATIVE DEFENSE**

86.    Plaintiffs worked for employers other than Defendants during the relevant time period.

## AS TO AND FOR A FIFTH AFFIRMATIVE DEFENSE

87.     Plaintiffs have failed to join a party or parties necessary to the proper

    adjudication of this action.

## AS TO AND FOR A SIXTH AFFIRMATIVE DEFENSE

88.     Plaintiffs' claims are barred in whole or in part, by the de minimis

    doctrine.

## AS TO AND FOR A SEVENTH AFFIRMATIVE DEFENSE

89.     Plaintiffs' Complaint fails to state a claim upon which either pre-judgment

    or post-judgment interest or attorneys' fees may be awarded.

## AS TO AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

## STATUTE OF LIMITATIONS

90.     If Plaintiff is found to have worked for Defendants, and if Defendants are

    found to have failed to pay Plaintiffs as alleged in the Complaint, any

    amount due, which Defendants deny, Defendants acted at all times on the

    basis of a good faith and reasonable belief that their actions were in

    compliance and conformity with all applicable federal and state laws

    and/or written administrative regulations, orders, rulings, guidance and/or

    interpretations, and therefore Defendants' actions were not willful or in

    reckless disregard of the Fair Labor Standards Act or New York Labor

    Law, and the FLSA's two-year statute of limitations should apply.

**AS TO AND FOR A NINTH AFFIRMATIVE DEFENSE**

**LACK OF JURISDICTION**

91.     29 U.S.C. § 216(b) states in relevant parts: "No employee shall be a party

plaintiff to any such action unless he gives his consent in writing to

become such a party and such consent is filed in the court in which such

action is brought."

92.     Upon information and belief, Plaintiffs have failed to comply with 29

U.S.C. § 216(b) and this action should be dismissed.

93.     For the reasons proffered above, the Court lacks supplemental jurisdiction

for the state claims under 28 U.S.C. § 1367 without jurisdiction under the

FLSA.

94.     This Court should exercise its discretion to decline to exercise

supplemental jurisdiction.

95.     Accordingly, this action should be dismissed for lack of jurisdiction.

**AS TO AND FOR A TENTH AFFIRMATIVE DEFENSE**

**DEFICIENT SERVICE OF PROCESS**

96.     Service of process was insufficient.

97.     Defendants were not properly served.

98.     Defendants were not served with the summons and complaint in this

action.

99.     The court lacks jurisdiction over the Defendants in this action because

they were not served with process in this action.

9

## AS TO AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

## WAIVER

100. Defendants hereby invoke the doctrine of waiver to bar the claims asserted by Plaintiffs to the extent the Department of Labor has already investigated and rendered a determination or otherwise resolved any prior claims.

101. To the extent that discovery reveals that Plaintiffs previously received compensation for their alleged underpayments in connection with, or as a result of, a payment to Defendants' employees supervised by the Department of Labor, Defendants hereby invoke the doctrine of waiver to ban the claims asserted by the Plaintiffs.

102. The Complaint, and each claim purported to be alleged herein, is barred in whole or in party by the doctrine of waiver.  For example, Plaintiffs have executed a written instrument waiving their claims set forth in the Complaint.

## AS TO AND FOR A TWELFTH AFFIRMATIVE DEFENSE

## NO WILLFUL CONDUCT

103. To the extent that the Plaintiffs can establish liability under the FLSA or NYLL, the Plaintiffs' recovery must be limited because the Defendants' conduct was not willful.

104. Any act or omission on the part of the Defendants, if any, was performed solely in good faith. At all times Defendants had reasonable grounds for believing that any such acts or omissions were not in violation of and were

always in conformity with the FLSA, New York Labor Law, and any other
applicable written administrative regulations, orders, rulings, approvals, or
interpretations of the U.S. Department of Labor and New York
Department of Labor.

105.   Accordingly, the Plaintiffs' claims are barred in whole or in part.

## AS TO AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

## NO LIQUIDATED DAMAGES

106.   The Plaintiffs' complaint fails to state a claim upon which liquidated
damages or attorneys' fees may be awarded.

107.   The Plaintiffs cannot recover liquidated damages under the FLSA, because
in accordance with 29 U.S.C. 260, the Defendants at all times acted in
good faith and believed that their conduct was not violative of the FLSA.

## AS TO AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

## OTHER AFFIRMATIVE DEFENSES

108.   Defendants reserve the right to raise any and all defenses that may become
evident during discovery and during any other proceeding in this action.

109.   The complaint is barred in part or in whole by the doctrines of payment
and release.

110.   The Plaintiffs claims are barred by the equitable doctrines of laches,
ratification, and estoppel.

111.   To the extent applicable, the Plaintiff's claims are barred by the doctrine
of res judicata and collateral estoppel.

112.   There was no unjust enrichment by defendants.

113. Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

114. The Plaintiffs' claims, to the extent they relate in contract, are barred due to a lack of consideration.

115. No contract for employment exists.

116. Any recovery should be offset by the amounts of tax credits and/or deductions available to the Plaintiffs based on any of the transactions at issue.

117. Defendants have acted in good faith and have not violated any rights that may be secured to Plaintiffs under any federal, state, or local laws, rules, regulations, and guidelines.

118. Plaintiffs' claims are barred by the parol evidence rule.

119. Plaintiffs' claims are barred in whole or in part by the doctrine of accord and satisfaction.

120. To the extent that Plaintiffs may be able to state a claim, their alleged damages, if any, must be offset against the monies and benefits they received, including but not limited to the monies and benefits they received from New York State or the federal government, or any other entity.

121. Plaintiffs have failed to exercise reasonable diligence to mitigate their harm/damages, if any, which is expressly denied, and therefore, are barred from recovering any damages or any damages shall be reduced accordingly.

122.    Plaintiffs' claims for damages is based, in part, on excessive claims which are not fair, reasonable, or appropriate for the magnitude of the claim.

123.    Plaintiffs' claims for liquidated damages are barred, in whole or in part, because any and all actions taken by Defendants were undertaken in good faith and with reasonable grounds for believing such actions were not in violation of Federal or New York law.

124.    At no time material herein did any of the Defendants act in a willful, wanton, reckless and/or malicious manner or with reckless disregard of either the FLSA or New York law.

125.    Plaintiffs' claims are barred in whole or in part because defendants did not breach any duty to plaintiffs or any persons similarly situated under the FLSA, the New York Labor Law or any other federal, state, or local law governing the treatment of contractors or employees.

126.    Plaintiff's alleged injuries, sufferings, and damages if any were caused by Plaintiff's own acts, omissions, or conduct.

127.    Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they have or may have additional, yet unstated defenses. Defendants reserve the right to assert additional defenses in the event their investigation or discovery indicates that additional defenses are appropriate.

## AS TO AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

## COMPLETE AND TIMELY PAYMENT OF ALL WAGES DUE

128.  If Plaintiff is found to have worked for Defendants, then Defendants'
made complete and timely payment of all wages due to Plaintiff.

### DEMAND FOR JURY TRIAL

129.  Defendants demands a trial by jury as to all issues so triable.


**WHEREFORE**, the Defendants A A TOURIST INC., and Jamie Chung
respectfully request that this Court enter a judgment dismissing the complaint in its
entirety and awarding costs and disbursements of this action, together with such other
further relief as this court may deem just, proper and equitable.


## AS TO THIRD PARTY COMPLAINT AND COUNTERCLAIMS

Third Party Plaintiff, A A TOURIST INC., and Jamie Chung (hereafter "Third
Party Plaintiffs"), by and through their attorneys, THE LAW OFFICES OF VINCENT S.
WONG, complaining of Third Party Defendant and Plaintiff hereby states:


130.  Third Party Plaintiff A A Tourist Inc. is a New York Corporation,
authorized to do business in New York.

131.  Third Party Plaintiff Jamie Chung is a resident of New York State.

132.  Third Party Defendant Tie Min Zhuang (hereafter "ZHAUNG") is an
individual, who is a 40% owner of Defendant A A Tourist Inc.

14

133.   Third Party Defendant ZHAUNG is also the husband of Plaintiff WAI YEE CHU.

134.   Upon information and belief, Third Party Defendant ZHAUNG resides at 500 West 56th Street Apt 1211, New York, NY 10019.

135.   Upon information and belief as a 40% shareholder of A A Tourist Inc., Third Party Defendant ZHUANG has significant rights, privileges, and responsibilities in regards to A A Tourist Inc, including the ability to hire and fire employees, access to employee and corporate records, and the ability to control the conditions of employment for employees of A A Tourist Inc.

136.   As a 40% owner of A A Tourist Inc., Third Party Defendant ZHUANG also had the right to receive payments from the corporation profits.

137.   Beginning in 2017 and continuing in 2018, Third Party Defendant ZHUANG directed that some or all of his share of the corporate profits from A A Tourist Inc., be paid to his wife, Plaintiff WAI YEE CHU.

138.   As a 40% owner of A A Tourist Inc. Third Party Defendant ZHUANG had the authority and capability to ensure that A A Tourist Inc. made payments to his wife instead of himself.

139.   Upon information and belief, Third Party Defendant ZHUANG was unhappy with the amount of compensation he was receiving from A A Tourist Inc.

140.    Upon information and belief, Third Party Defendant ZHUANG believed
that he was entitled to additional compensation and/or payment from A A
Tourist Inc.

141.    Upon information and belief, Third Party Defendant ZHUANG believed
that Defendant Jamie Chung was receiving more compensation then
Defendant Jamie Chung was entitled to.

142.    As a 40% owner of from A A Tourist Inc., Third Party Defendant Zhuang
had access to A A Tourist Inc. financial records.

143.    Upon information and belief, Third Party Defendant ZHUANG and
Plaintiff WAI YEE CHU entered into a conspiracy/plan/agreement in
which Third Party Defendant ZHUANG and Plaintiff WAI YEE CHU,
husband and wife, agreed to work together to get additional money from
Defendants/Third Party Plaintiffs, in which neither party was entitled to,
for their own benefit and gain.

144.    Upon information and belief, Third Party Defendant ZHUANG and
Plaintiff WAI YEE CHU agreed that Plaintiff WAI YEE CHU would sue
Defendants for unpaid wages and overtime, when both were aware that
Plaintiff WAI YEE CHU had never actually worked for Defendants.

145.    Upon information and belief, in furtherance of this
conspiracy/plan/agreement, Third Party Defendant ZHUANG directed
Defendant A A Tourist Inc, as 40% owner, to pay his share of his profits
to his wife Plaintiff WAI YEE CHU, and directed Defendant A A Tourist
Inc to issue her a 1099.

146.    In furtherance of this conspiracy/plan/agreement, Plaintiff WAI YEE
        CHU did not name Third Party Defendant ZHUANG as a party in this
        lawsuit, despite the fact that Third Party Defendant ZHUANG is a 40%
        owner of A A Tourist Inc, and that Third Party Defendant ZHUANG has
        substantial authority over the company and its employees.

147.    Upon information and belief Plaintiff WAI YEE CHU knows that Third
        Party Defendant ZHUANG is a 40% owner of A A Tourist Inc, and that
        Third Party Defendant ZHUANG has substantial authority over the
        company and its employees.

148.    Third Party Defendant ZHUANG and Plaintiff WAI YEE CHU know that
        that Plaintiff WAI YEE CHU did not work for Defendants.

149.    Third Party Defendant ZHUANG and Plaintiff WAI YEE CHU know that
        that Plaintiff WAI YEE CHU is not entitled to money for unpaid wages,
        overtime or any employee related claim from Defendants.

150.    Third Party Defendant ZHUANG and Plaintiff WAI YEE CHU know that
        that Plaintiff WAI YEE CHU bringing a lawsuit against Defendants for
        employee related claims, when Plaintiff did not in fact work for
        Defendants is a wrongful act.

151.    Third Party Defendant ZHUANG and Plaintiff WAI YEE CHU know that
        that Plaintiff WAI YEE CHU bringing a lawsuit against Defendants for
        employee related claims, when Plaintiff did not in fact work for
        Defendants would cause harm to Defendants.

152. Third Party Defendant ZHUANG and Plaintiff WAI YEE CHU know that that Plaintiff WAI YEE CHU bringing a lawsuit against Defendants for employee related claims, when Plaintiff did not in fact work for Defendants was part of their common plan/agreement/conspiracy.

153. As both Third Party Defendant ZHUANG and Plaintiff WAI YEE CHU entered into this conspiracy together, each should be held fully liable for the actions and wrongdoing of the other.

## COUNT I / COUNTERCLAIM I

## FRAUD

154. Third Party Plaintiffs repeat and realleges all previous paragraphs as if fully set forth here.

155. There exists a special relationship between Third Party Plaintiffs/Defendants and Third Party Defendant ZHUANG.

156. Third Party Defendant ZHUANG is a 40% owner of Third Party Plaintiffs/Defendants A A Tourist Inc.

157. Third Party Defendant ZHUANG directed and caused to of A A Tourist Inc. to issue payments and a 1099 to his wife Plaintiff WAI YEE CHU in 2017 and 2018.

158. Third Party Defendant ZHUANG indicated that he wanted money he was entitled to from the A A Tourist Inc. to be paid to his wife.

159. Third Party Plaintiffs/Defendants relied upon Third Party Defendant ZHUANG representations and directions on where he wants the money to

be paid, because Third Party Defendant ZHUANG was a 40% of the company.

160. Third Party Defendant ZHUANG omitted the fact that he, and Third Party Defendant ZHUANG intended, to use these payments as evidence that Third Party Defendant ZHUANG was employed by Defendants, when Third Party Defendant ZHUANG was never employed by Defendants.

161. Plaintiff WAI YEE CHU now represents that she was employed by Third Party Plaintiffs/Defendants in this lawsuit.

162. Both Third Party Defendant ZHUANG and Plaintiff WAI YEE CHU know that Plaintiff WAI YEE CHU was not actually employed by Defendants.

163. Third Party Plaintiffs/Defendants have now been injured by these falsehoods, by being forced to defend against this action.

## COUNT II/ COUNTERCLAIM II

## MALICIOUS PROSECUTION/ABUSE OF PROCESS

164. Third Party Plaintiffs/Defendants repeat and realleges all previous paragraphs as if fully set forth here.

165. Third Party Defendant ZHUANG and Plaintiff WAI YEE CHU know that that Plaintiff WAI YEE CHU did not work for Defendants.

166. Third Party Defendant ZHUANG and Plaintiff WAI YEE CHU know that that Plaintiff WAI YEE CHU is not entitled to money for unpaid wages, overtime or any employee related claim from Defendants.

167. Third Party Defendant ZHUANG and Plaintiff WAI YEE CHU know that that Plaintiff WAI YEE CHU bringing a lawsuit against Defendants for employee related claims, when Plaintiff did not in fact work for Defendants is a wrongful act and has no basis in law or fact.

168. Third Party Defendant ZHUANG and Plaintiff WAI YEE CHU know that that Plaintiff WAI YEE CHU bringing a lawsuit against Defendants for employee related claims, when Plaintiff did not in fact work for Defendants would cause harm to Defendants.

169. Upon information and belief Third Party Defendant ZHUANG and Plaintiff WAI YEE CHU brought this lawsuit so that they could obtain money from Defendants which they are not entitled to.

170. Third Party Defendant ZHUANG has assisted Plaintiff WAI YEE CHU in brining this malicious lawsuit by directing money owed to him be paid to his wife by Defendants.

171. As a result of Third Party Defendant ZHUANG and Plaintiff WAI YEE CHU actions Third Party Plaintiffs/Defendants have been and will be damaged.

## COUNT III/ COUNTERCLAIM III

## BREACH OF FIDUCIARY DUTY

172. Third Party Plaintiffs/Defendants repeat and realleges all previous paragraphs as if fully set forth here.

173. There exists a fiduciary relationship between Third Party Plaintiffs/Defendants and Third Party Defendant ZHUANG

174. Third Party Defendant ZHUANG misconduct in directing that Third Party Plaintiffs/Defendants pay money owed to him to his wife, Plaintiff WAI YEE CHU, in 2017 and 2018, as a basis for claiming an employment relationship, where none existed, and in bringing this lawsuit has injured Third Party Plaintiffs.

175. Plaintiff WAI YEE CHU has aided Third Party Defendant ZHUANG in this breach of fiduciary duty, by bringing this lawsuit based upon an employment relationship with Defendants, where non-existed.

176. Third Party Defendants breach of this duty to Third Party Plaintiffs is the proximate cause for this action being brought against Third Party Plaintiffs.

177. Third Party Plaintiff has been injured by having to defend this action, along with possible future damages if Plaintiff is successful in this action.

## COUNT IV

## INDEMNIFICATION

178. Third Party Plaintiffs/Defendants repeat and realleges all previous paragraphs as if fully set forth here.

179. Upon information and belief, that if and in the event Plaintiff sustained the injuries and damages complained of, such injuries and damages were caused in whole or in part, by reason of the Third Party Defendant.

180. By reason of the foregoing, in the event that any judgment or verdict is recovered against Third Party Plaintiffs/Defendants, Third Party Plaintiffs/Defendants is entitled to indemnity and/or contribution from

Third Party Defendant for any amounts recovered by Plaintiff against

Third Party Plaintiffs/Defendants.

**WHEREFORE**, the Defendants A A TOURIST INC., and Jamie Chung

respectfully request that this Court enter a judgment in favor of Third Party Plaintiffs and

against Third Party Defendants and Plaintiff in accordance with the above

Counterclaims/Third Party Claims, in an amount that includes damages, costs, legal fees,

interest, and punitive damages, together with such other further relief as this court may

deem just, proper and equitable.


Date:   New York, NY
       April 30, 2019

                          **Law Offices of Vincent S. Wong**


                          /s/_____
                          Vincent S. Wong, Esq. (VW9016)

## SOUTHERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
WAI YEE CHU, on behalf of himself          Docket No: 19-cv-02323
and others similarly situated,

                    Plaintiffs,          **ANSWER**
                                                            **TO  COMPLAINT WITH**

-against-          **COUNTERCLAIMS**
                                                            **AND THIRD PARTY**
                                                            **COMPLAINT**

A A TOURIST INC., and Jamie Chung,

                                                        **JURY DEMANDED**
                             Defendants.
------------------------------------------------------------------x

### Law Offices of Vincent S. Wong

/s/_____

Vincent S. Wong, Esq.
39 East Broadway, Suite 306
New York, NY 10002
P: (212) 349-6099
F: (212) 349-6599
***Attorneys for the Defendants***